
SPIVAK LAW

Employee Rights Attorneys
8605 Santa Monica Blvd.,
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY LOUANGAMATH, on behalf of herself and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004,<br><br>*Plaintiff(s)*,<br><br>vs.<br><br>THE SPECTRANETICS CORPORATION D.B.A. SPNC, INC.; and DOES 1–50, inclusive,<br><br>*Defendant(s)*. | Case No.: 3:18-cv-03634-JST<br><br>[~~PROPOSED~~] FINAL APPROVAL ORDER AND FINAL JUDGMENT *AS MODIFIED*<br><br>Action filed: 4/20/2018<br>Hearing Date: 2/16/2023<br>Hearing Time: 2:00 p.m.<br>Hearing Court: Courtroom 6, The Honorable Jon S. Tigar |

1

*Louangamath v. Philips North America LLC, et al.*   Final Approval Order and Final Judgment

WHEREAS, this matter has come before the Court for hearing for final approval of the Settlement as set forth in the Second Amended Joint Stipulation and Class Action and PAGA Settlement and Release of Claims ("Settlement Agreement"), and

WHEREAS, the Court having considered all papers filed and arguments presented and otherwise being fully informed, **THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS**:

1. This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including the Plaintiff and Class Members.

3. Defendant promulgated the notice required by the Class Action Fairness Act ("CAFA") on August 26, 2022.

4. Pursuant to the Preliminary Approval Order, the appointed Settlement Administrator, CPT Group, Inc., mailed a Notice of Class Action Settlement to all known Class Members by First Class U.S. Mail. The Notice of Class Action Settlement fairly and adequately informed Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder. More specifically, the Notice of Settlement informed Class Members of the pendency of the Action, of the proposed Settlement, of their right to receive their share of the Settlement, of the scope and effect of the Settlement's Released Claims, of the preliminary Court approval of the proposed Settlement, of the exclusion and objection timing and procedures, of the date of the Final Fairness Hearing and of the right to appear in connection with the Final Fairness Hearing. Class Members had adequate time to use each of these procedures. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision

2

SPIVAK LAW
Employee Rights Attorneys
8605 Santa Monica Blvd.,
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice of Class Action Settlement provided in the Action was the best notice practicable, which satisfied the requirements of law and due process.

5. In response to the Notice of Class Action Settlement, no Class Members objected to the Settlement and no Class Members requested exclusion from the Settlement.

6. The Court finds that the Settlement offers significant monetary recovery to all Class Members and finds that such recovery is fair, adequate, and reasonable when balanced against further litigation related to liability and damages issues. The Court further finds that extensive and costly investigation, formal and informal discovery, research and litigation have been conducted such that Class Counsel and Defense Counsel are able to reasonably evaluate their respective positions at this time. The Court finds that the proposed Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of the Action. The Court further finds that the Settlement has been reached as the result of intensive, serious, and non-collusive, arms-length negotiations. Thus, the Court approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate, and reasonable and directs the Parties to effectuate the Settlement according to its terms.

7. The Court hereby orders the Settlement Administrator to distribute the Individual Settlement Payments to Class Members in accordance with the provisions of the Settlement.

8. For purposes of this Order and for this Settlement only, the Court hereby certifies the Class, as defined in the Settlement Agreement.

9. For purposes of this Order and this Settlement only, the Court hereby confirms the appointment of Named Plaintiff Shelly Louangamath as the class



SPIVAK LAW
Employee Rights Attorneys
8605 Santa Monica Blvd.,
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

3

*Louangamath v. Philips North America LLC, et al.*          Final Approval Order and Final Judgment

representative for the Class. Further, the Court approves a Class Representative Service Award to Plaintiff in the amount of $7,500.00. The Court hereby orders the Settlement Administrator to distribute the Class Representative Class Representative Service Award to Plaintiff in accordance with the provisions of the Settlement.

10.     For purposes of this Order and this Settlement only, the Court hereby confirms the appointment of David Spivak of The Spivak Law Firm and Walter L. Haines of United Employees Law Group, as Class Counsel. Further, the Court finally approves the requested fees award of $116,666.67 as fair and reasonable. As well, the Court finally approves the costs award of $9,294.14, as fair and reasonable. The fees and costs shall be for all claims for Class Counsel's attorneys' fees and litigation costs past, present and future incurred in the prosecution and resolution of the claims and neither Class Counsel, nor any other counsel, shall be permitted to petition the Court, or to accept any payments, for fees and costs relating to the prosecution and resolution of the claims other than the fees and costs awarded. The Court hereby orders the Settlement Administrator to distribute the 90% of the fees and costs awards to Class Counsel in accordance with the provisions of the Settlement. The remaining 10% of the awarded attorneys' fees and costs and interest earned thereon will be withheld until a post-distribution accounting has been filed. A post-distribution accounting must be filed within 21 days after the distribution of settlement funds.

11.     For purposes of this Order and this Settlement only, the Court hereby finally approves Settlement Administration Costs of $17,000.00 as fair and reasonable.

12.     By operation of the entry of the Final Approval Order and Final Judgment, every Settlement Class Member shall have conclusively released the Class Released Claims against the Released Parties, including for any injunctive or declaratory relief.

4


SPIVAK LAW

Employee Rights Attorneys
8605 Santa Monica Blvd.,
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

*Louangamath v. Philips North America LLC, et al.*     Final Approval Order and Final Judgment

13. Pursuant to the Settlement Agreement, Plaintiff agrees to provide a Complete and General Release and a 1542 Waiver to the Released Parties, as defined and set forth fully in the Settlement Agreement.

14. After Settlement administration has been completed in accordance with the Settlement Agreement, and in no event later than 180 days after the Effective Date, Plaintiff shall file a report with this Court certifying compliance with the terms of the Settlement.

15. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendant or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. Nor is this Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendant or any of the other Released Parties.  The entering into or carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant or any of the other Released Parties and shall not be offered in evidence against Defendant or any of the Released Parties in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order, the Settlement Agreement, or any related agreement or release.  Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding this Order, the Settlement Agreement, or any other papers and records on file in the Action as evidence of the Settlement and to support a defense of res judicata, collateral estoppel, release, waiver or other theory of claim preclusion, issue preclusion or similar defense as to the Class Released Claims.

16. If the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, resulting in the return and/or

SPIVAK LAW
Employee Rights Attorneys
8605 Santa Monica Blvd.,
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

retention of the Settlement funds to Defendant consistent with the terms of the Settlement, then this Order and all orders entered in connection herewith, including any order certifying the Class, appointing a class representative or Class Counsel, shall be rendered null and void and shall be vacated.

17. Final Judgment is hereby entered based on the parties' class action Settlement Agreement. Without affecting the finality of this Final Approval Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED.**

February 16, 2023
DATE                                            The Honorable Jon S. Tigar

SPIVAK LAW
Employee Rights Attorneys
8605 Santa Monica Blvd.,
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com